# Gannon v. Grayson Water Company.
## Waggoner v. Same.

(Decided April 24, 1934.)

DYSARD, TINSLEY & PRICHARD for appellants.

THOMAS D. THEOBALD, Jr., and THEOBALD, THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Prior to June 25, 1931, certain citizens of the town of Grayson determined to organize a corporation for the purpose of constructing, operating, and maintaining a water system, and stock to the amount of about $20,000 was subscribed under the following agreement:

"We, the undersigned subscribers, whose names are affixed hereto, do hereby subscribe the within named amount of stock in the proposed water system in the town of Grayson, Kentucky, to be paid to the authorized committee as called for."

Among the 30 subscribers were G. B. Gannon, whose subscription amounted to $1,000 worth of stock, and George Waggoner, whose subscription amounted to $500. On June 25, 1931, the incorporators, Dr. J. Watt Stovall and others, filed with the county clerk of Carter county

and the secretary of state articles of incorporation, and paid the organization tax and other fees. On July 6, 1931, the corporation was authorized by the secretary of state to transact business. On September 1, 1931, the stockholders elected directors, who in turn elected officers, the corporation was organized, and the subscriptions were accepted. On the faith of the subscriptions, a contract was made for the construction of the water system, and the total amount of the stock subscribed for was called by resolution of the board of directors. All the subscribers paid, with the exception of Gannon and Waggoner. On March 31, 1932, separate suits were brought against them by the Grayson Water Company to recover on their subscriptions. In addition to other defenses not now relied on, they pleaded that the subscriptions were taken on condition that stock to the amount of $36,000 be subscribed, which was not done, and the further ground that the corporation had not complied with section 883e-3, subsec. (i), or section 3 or section 18 or any other section of the Blue Sky Law, and noncompliance was one of the facts stipulated. The cases were heard together on the pleadings and stipulation of facts, and judgment was rendered against each of the defendants for the amount of his subscription. They appeal.

We shall first consider the defense of noncompliance with the Blue Sky Law. At the time of the transactions in question, the Blue Sky Law of 1926 (chapter 76), being sections 883e-1 to 883e-36, inclusive, Kentucky Statutes 1930, was in effect. Under the statute, every sale or contract for sale made in violation of any of the provisions of the act is voidable at the election of the purchaser. Section 883e-18, Kentucky Statutes 1930. Section 883e-5 prohibits the sale of any securities not exempt unless registered by notification or by qualification. Registration by notification is confined solely to securities issued by a corporation, partnership, association, company, etc., which has been in existence for a certain number of years, and has shown over a specified period of time average net earnings in certain specified amounts. Section 883e-6, Kentucky Statutes 1930. All securities required to be registered before being sold, and not entitled to registration by notification, must be registered only by qualification. Section 883e-7, Kentucky Statutes 1930. Where the securities are issued by a corporation, there must be furnished, in addition to

other information, the names and addresses of its directors, and a certified copy of the articles of incorporation. Though the act provides that "security" shall include "pre-organization subscription," it is at once apparent that, when subscriptions are taken prior to the filing of articles of incorporation, no method is provided for the registration of such subscriptions. Indeed, it is not seriously contended that the subscriptions which were made to an unnamed corporation to be thereafter formed should have been registered. But the point is made that, after the organization of the corporation, it failed to register the subscriptions of the stock issued pursuant thereto.

In this connection attention is called to the fact that 50 per cent. of the capital stock first issued by a corporation to enable it to transact business under section 543, Kentucky Statutes, is not exempt unless certain facts exist, and the existence of those facts is shown by a written verified statement of the president and secretary of the corporation. Section 883e-3, Kentucky Statutes 1930. This view of the statute is correct, Smith v. Crawford, 228 Ky. 420, 15 S. W. (2d) 249, and it doubtless is true that, in the absence of the statement required of the president and secretary, even the first 50 per cent. of the capital stock sold by a corporation, or issued pursuant to subscriptions taken by the corporation after its articles of incorporation have been filed, is not exempt from the operation of the act. But we do not find in the section under consideration, or in any other provision of the act, any language compelling the conclusion that it is a violation of the statute for a corporation to issue without registration stock subscribed for before its articles of incorporation were filed. Such subscriptions are made, not on the faith of what has been done, but on the hope of what may be accomplished, and, being binding when taken, cannot be invalidated by the failure of the corporation after it is actually organized to register the subscriptions or the stock issued pursuant thereto, and furnish information which was not relied on in making the subscriptions. We therefore hold that the alleged noncompliance of the corporation with the provisions of the Blue Sky Law is no defense to these actions.

The other defense is that each defendant signed said subscription and agreed "to subscribe toward the fund for erecting the proposed water system * * * solely

upon condition that bona fide subscriptions aggregating $36,000 were secured and to be used for the erection of said water system, and it was agreed and understood between him and the agents of plaintiff, who took said subscriptions that said subscriptions were binding only in the event bona fide subscriptions aggregating $36,000 were made and secured," and that subscriptions in that amount were not secured. This is not a case where the condition relied on by appellants was incorporated in the subscription agreement or was communicated to the other subscribers. The case is simply one where appellants alone signed on condition. As the consideration for each subscription is the subscriptions of the others, and a subscriber has obligations not only to the corporation, but to those whose subscriptions may have been procured by reason of his subscription, it is the rule that a subscriber, in order to be relieved on the ground of fraud, mistake, or other cause, must exercise diligence in its discovery, and, in asking for a rescission, even when creditors' rights are not involved. Jett v. Brooksville & O. R. R. Co., 212 Ky. 197, 278 S. W. 607. Appellants pleaded no facts excusing their delay. The subscriptions were taken prior to June 25, 1931, and the articles of incorporation fixing the capital stock at $30,000 were signed and filed on that day. On July 6, 1931, the corporation was authorized to transact business. On September 1, 1931, the corporation was organized by the election of directors and officers, and the subscriptions were accepted. The slightest inquiry would have developed the fact that subscriptions to the amount of $36,000 had not been obtained. Not until after these actions were brought on March 31, 1932, did they seek relief. Having delayed action for more than nine months after the articles of incorporation were signed, and for more than six months after the corporation was organized and had begun to do business on the faith of the subscriptions, we are constrained to hold that appellants could not then question the validity of their subscriptions, Jett v. Brooksville & O. R. R. Co., supra, and that the court did not err in so holding.

The judgment in each case is affirmed.